*415 SHIRLEY S. ABRAHAMSON, J.
¶ 49. (concurring). I conclude, as does Justice Gableman's lead opinion, that the elimination of direct access from Hoffer's property to State Highway 19 is a duly authorized exercise of the police power and is not compensable under Wis. Stat. § 32.09.1
¶ 50. I do not, however, join Justice Gableman's long, complex opinion.
¶ 51. The lead opinion is, for example, unnecessarily replete with discussion of when the elimination of direct access to a controlled access highway may support a claim for inverse condemnation,2 "depriving] the abutting owner of all or substantially all beneficial use of the property."3
¶ 52. The parties' references to inverse condemnation are cursory, not full or adversarial. As a result, I would not discuss inverse condemnation. "The rule of law is generally best developed when matters are tested by the fire of adversarial briefs and oral arguments." Maurin v. Hall, 2004 WI 100, ¶ 120, 274 Wis. 2d 28, 682 N.W.2d 866 (Abrahamson, C.J. & Crooks, J., concurring) overruled on other grounds by Bartholomew v. Wis. Patients Comp. Fund, 2006 WI 91, 293 Wis. 2d 38, 717 N.W.2d 216.
¶ 53. For the reasons set forth, I do not join the lead opinion and I write separately.
¶ 54. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.